16-4025-cv
Higgins Ave., LLC v. Stathakis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges*.

-------------------------------------------------------------------------

HIGGINS AVENUE, LLC,
　　　　　　*Interested Party-Appellant*,

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff,*

　　　　v.　　　　　　　　　　　　　　　　No. 16-4025-cv

LARRY STATHAKIS,
　　　　　　*Defendant-Appellee*,

EVANGELOS GERASIMOU, GEORGIOS GERASIMOU,
　　　　　　*Defendants.*

-------------------------------------------------------------------------

APPEARING FOR APPELLANT: TODD C. STECKLER, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, New York.

APPEARING FOR APPELLEE: BRIAN L. GARDNER, Cole Schotz, P.C., New York, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on November 1, 2016, is AFFIRMED.

Higgins Avenue, LLC ("Higgins") invoked the All Writs Act, *see* 28 U.S.C. § 1651, to move for a permanent injunction barring criminal defendant Larry Stathakis from pursuing a state-court action seeking title to 133-01/05 Higgins Drive, Flushing, New York (the "Property") based on the purported issue-preclusive effects of a preliminary order of forfeiture entered against Stathakis in the federal criminal proceedings. The district court concluded that it was deprived of jurisdiction by the Anti-Injunction Act, *see* 28 U.S.C. § 2243, and that the exception for relitigation of matters previously decided by a federal court was inapplicable. On appeal pursuant to 28 U.S.C. § 1292(a)(1), Higgins faults the district court's jurisdictional conclusion, arguing that Stathakis fully litigated his forfeited interest in the Property during his criminal proceedings. In reviewing the challenged ruling, we examine the district court's factual findings for clear error and its interpretation of the All Writs Act and the Anti-Injunction Act *de novo*. *See Wyly v. Weiss*, 697 F.3d 131, 137 (2d Cir. 2012). Although we agree with Higgins that the value of Stathakis's forfeited property interest was litigated in prior criminal proceedings, we affirm the challenged denial because the question of whether Stathakis or Higgins possessed lawful pre-forfeiture title to the

2

Property was not. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"The All Writs Act . . . authorizes federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *Id.* at 137 (quoting 28 U.S.C. § 1651(a)). "This grant of authority is limited by the Anti-Injunction Act . . . which bars a federal court from enjoining a proceeding in state court unless that action is 'expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Id.* (quoting 28 U.S.C. § 2283). Only the third exception—the so-called "relitigation exception"—is relevant to this appeal. *Id.* This exception, "which was designed to implement well-recognized concepts of claim and issue preclusion, authorizes a federal court to enjoin state litigation of a claim or issue that previously was presented to and decided by the federal court." *Id.* at 139 (internal quotation marks omitted). In applying the principle here, we follow the Supreme Court's direction that "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 137 (internal alteration omitted) (quoting *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)).

3

"[T]he federal common law" of issue preclusion, which applies here,[1] imposes four requirements: that "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the parties had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* at 140-41 (internal quotation marks and alteration omitted). In the context of the Anti-Injunction Act's relitigation exception, we apply this doctrine narrowly, as "a court does not usually get to dictate to other courts the preclusion consequences of its own judgment," a matter that is "usually the bailiwick of the *second* court—in this case, the New York state court." *Id.* at 140 (internal quotation marks omitted).

On appeal, Higgins and Stathakis dispute the preclusive effect of the district court's rulings in the criminal proceeding that (1) Stathakis's collective property interests did not exceed the value of his money forfeiture judgment, and (2) he would forfeit any rights in the Property to the federal government. Although both of these issues were decided against Stathakis by entry of his criminal judgment and preliminary order of forfeiture, *see* App'x 338–39, 361–64 (concluding that total value of asserted property

---

[1] Higgins's contentions that *claim* preclusion principles should be applied, and that *Wyly v. Weiss* is inapplicable, are "not sufficiently argued in the briefs," and, therefore, merit no further discussion. *Norton v. Sam's Club*, 145 F.3d 114, 119 (2d Cir. 1998). In any event, to the extent Higgins seeks application of the Anti-Injunction Act's "in aid of jurisdiction" exception for property over which a federal district court has control, *see Wyly v. Weiss*, 697 F.3d at 137–38, Higgins raised no such argument in the district court, and the exception would not apply here because Higgins itself possesses the property following its removal from the final order of forfeiture.

4

rights did not exceed money forfeiture judgment); *id.* at 363 (directing that Stathakis "forfeit all of his right, title and interest" in the Property), we do not understand either of these issues to be disputed in state court.

The narrow issue presented in the state-court proceeding is whether Higgins fraudulently secured title to the Property from Stathakis's limited liability company before his preliminary order of forfeiture was entered. That issue was not litigated in Stathakis's criminal proceedings; rather, the district court presumed—for purposes of substitute-property calculation—that Stathakis's state-court representations regarding his ownership of the Property were meritorious. Higgins does not urge application of preclusion to the district court's reliance on Stathakis's representations of ownership, which would not assist it. In any event, Higgins itself did not litigate any claim to the Property against Stathakis during his criminal case. Rather, Higgins secured possession of the Property only through a third-party ancillary proceeding in which the government agreed to relinquish the Property to it. *See* 21 U.S.C. § 853(n) (authorizing third parties to assert claims to ownership of property following entry of preliminary order of forfeiture).

In sum, because Stathakis and Higgins did not litigate, during the criminal case, the issue of who possessed lawful pre-forfeiture title to the Property, the relitigation exception to the Anti-Injunction Act is inapplicable. Having concluded that the district court was correct in identifying its lack of jurisdiction to issue an injunction, we need not reach Higgins's alternative arguments.

5

In so ruling, we do not suggest that Stathakis can use the state-court proceeding to obtain *prospective* title to the Property, a result expressly forbidden by the federal criminal forfeiture statute. *See* 21 U.S.C. § 853(h) ("Any property right or interest not exercisable by, or transferable for value to, the United States shall expire and shall not revert to the defendant . . . ."); *see also* Fed. R. Crim. P. 32.2 (explaining that, "[a]t sentencing . . . the preliminary forfeiture order becomes final as to the defendant"). Rather, we understand that, consistent with representations made to the district court, if the state court concludes that Stathakis possessed lawful title to the Property prior to the entry of his criminal judgment, the government will seek an order directing Stathakis to forfeit the Property. *See* App'x 485–86 ("If there was a final adjudication at state court that the property was Mr. Stathakis' the United States would move . . . to amend the final order of forfeiture to include that property.").

We have considered Higgins's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court. We further direct the Clerk of Court to mail a copy of this order to the United States' counsel of record in the criminal proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6